**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN CHANG,<br><br>                Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., U.S. Attorney General; DANIEL RENAUD, Director, Vermont Service Center; JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security; MICHAEL AYTES, Director, U.S. Citizenship and Immigration Services,<br><br>                Defendants. | Civil Action No. 09-1983(SDW)<br><br><br><br><br><br><br><br><br><br>**OPINION**<br><br>January 6, 2010 |

**Wigenton, District Judge**

Before the Court is a Motion to Dismiss the Complaint (the "Motion"). The Motion, filed by Eric H. Holder, Jr., Daniel Renaud, Janet Napolitano, and Michael Aytes (collectively, the "Defendants"), demands that the instant action be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The action, brought by Allen Chang (the "Plaintiff"), seeks to compel the Defendants to adjudicate an I-130 Petition for Alien Relative ("I-130 Petition"). If the I-130 Petition

were granted, a visa would have been issued to Yimin Zhou, the Plaintiff's wife.[1] The Plaintiff has not opposed the Motion. The Motion is decided without oral argument as permitted by Federal Rule of Civil Procedure 78.

When the court's jurisdiction to hear a case is challenged pursuant to Rule 12(b)(1), the party asserting that subject-matter jurisdiction exists bears the burden of proving that it does, in fact, exist. *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3rd Cir. 2000). In determining subject-matter jurisdiction, the court is free to hear evidence from outside the pleadings and to weigh that evidence. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). The contents of the complaint need not be taken as true. *Id.*

Article III of the Constitution of the United States vests the judicial branch with the power to hear only "cases or controversies." U.S. Const., art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Where a dispute is moot, that is, where there is no longer a live controversy for which the court can grant meaningful relief, then there is no jurisdiction because there is no case or controversy. *Florida Pub. Interest Research Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1086 (11th Cir. 2004). Where the plaintiff seeks only an order that the government take a specific action and the government takes that action, the suit is moot. *Palamarchouk v. Chertoff*, 568 F. Supp. 2d 460, 465-66 (D. Del. 2008).

Here, the Plaintiff seeks to compel the Defendants to adjudicate an I-130 Petition. (Compl. ¶ 21.) The U.S. Citizenship and Immigration Service has already done so. On September 30, 2009, the Service issued a Notice of Intent to Revoke that Petition.

---

[1] In paragraph twenty of the Complaint, the Plaintiff states that Defendants have failed to adjudicate the I-589 Asylum Petition. (Compl. ¶ 20.) That being said, nowhere else in the Complaint or in any of the supporting documents does the Plaintiff mention any such claim or any asylum petition. The Plaintiff has also not opposed the Motion to Dismiss. As such, it seems that the Plaintiff is not seeking relief for this alleged wrong.

2

(Defendants' Ex. 1.)  As such, the Plaintiff's case is moot, and this Court lacks subject-matter jurisdiction. This case is dismissed as required by Rule 12(b)(1).

                                                            S/Susan D. Wigenton, U.S.D.J.

Cc:   Madeline Cox Arleo, U.S.M.J.
      Parties